UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COASTAL OUTDOOR ADVERTISING GROUP, L.L.C.,<br><br>    Plaintiff,<br><br>v. | |
| | Civ. Action No. 07-4330 (KSH) |
| TOWNSHIP OF EAST HANOVER, NEW JERSEY,<br><br>    Defendant. | **OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

This case centers on the application by plaintiff Coastal Outdoor Advertising Group, L.L.C. ("Coastal") for a billboard permit, which was denied by the defendant municipality, Township of East Hanover, New Jersey ("East Hanover" or the "township"). These events took place in 2007, and have been litigated since that time. Count I of the complaint asserts a claim under the First Amendment attacking the constitutionality of the sign ordinance. Count II asserts a violation of due process and equal protection under the Fourteenth Amendment with regard to East Hanover's sign code. Count III claims violation by East Hanover of the New Jersey Constitution with respect to free speech, due process, and equal protection. Count IV seeks to enjoin the Township from enforcing the sign ordinance in its entirety. In its answer, East Hanover asserts several affirmative defenses, including: that Coastal has insufficient standing based upon lack of redressability and lack of injury; that Coastal fails to fit within the overbreadth doctrine to challenge facial validity of the sign ordinance; that Coastal cannot convert its conditional permit into a permit that would satisfy state law; that the sign ordinance was a reasonable time, place, and manner restriction; that Coastal fails to state a claim because

Coastal fails to allege that the sign ordinance is not rationally related to a legitimate government interest; and that the sign ordinance was not an unlawful prior restraint because it provides appeal rights, subject to judicial review.

Here, the Court addresses cross-motions for summary judgment. East Hanover moves for summary judgment dismissing the complaint in its entirety, primarily advancing arguments that Coastal lacks standing to challenge the zoning ordinance that putatively supported the denial of its zoning application. Coastal, through its cross-motion, moves for partial summary judgment "for the limited purpose of establishing that [East Hanover] was enforcing unconstitutional restrictions on signs at the time Coastal submitted its sign application," and submits that a trial as to damages and other remedies should be scheduled. (Coastal Br. Mot. Summ. J. 1.)

## I.    STANDARD OF REVIEW

Under Rule 56(c), summary judgment may be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court is duty-bound to view the "facts . . . in the light most favorable to the non-moving party and [must draw] all inferences . . . in that party's favor." *Gray v. York Newspapers*, 957 F.2d 1070, 1078 (3d Cir. 1992). Summary judgment is inappropriate if there is evidence sufficient to allow a reasonable jury to return a verdict for the non-moving party, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), or if the factual dispute is one which might affect the outcome of the suit under the governing law . . . ." *Id.* The movant's burden, however, "may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Additionally, the non-movant "may not rely merely on allegations or denials [of the] . . . pleading"; instead, the

non-movant, "by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## II.    FACTS

Coastal, a limited-liability company, was formed in early 2006 and has two employees: John Robert Varys, who serves as development director and vice-president, and Anthony Baiamonte III, who serves as general counsel and chief legal officer.  (EH App'x 6, 39.)  Coastal also has three member-owners, Frank J. Nataro, Camber Ransom-Quigley, and John Robert Varys.  East Hanover is a suburban municipality in Morris County, New Jersey, comprising 8.2 square miles with a population of 11,500 residents.  East Hanover contends that it prohibits the erection of new billboards and that no one has engaged in outdoor advertising within the township since 1976.  (EH App'x 1, ¶¶ 5-9.)

This dispute focuses on Block 1.1, Lot 8 (hereinafter, the "subject parcel"), which is located in the township's Light Industry I-3 Zone at 761 Ridgedale Avenue. (EH App'x 1, ¶¶ 11-14.)  The subject parcel contains a two-story structure, which the township contends limits the use of the subject parcel due to the I-3 zoning limits.  (EH App'x 1, ¶¶ 83, 118-121; App. 37, at § 95-46.B(2).)  Coastal wished to apply for a billboard on this parcel, as it abutted Interstate 280, and would be visible from that highway.  (Statement of Material Fact, ¶¶ 3-4.)  East Hanover adopted the Chapter 95 Land Use Zoning Code ("LUZ Code") in 1979, and it was amended from time to time thereafter.  (EH App'x 1, ¶ 52.)  The township contends that the term "building," as used in its LUZ Code, included the term "structure," and that structure encompasses billboard structures.  (EH App'x 1, ¶¶ 60-64.)

3

During 2004, Coastal representatives, including Varys, sought to develop sites for the erection of billboards.  (EH App'x 9, 55.)  Coastal entered into a lease on December 31, 2004 with the owners of the subject parcel for the erection of an outdoor advertising structure.  (EH App'x 55, 12.)  East Hanover points out that this lease was assignable, and was made contingent upon Coastal obtaining all necessary final zoning permits, and by its terms did not commence until 90 days after all permits were obtained.  (EH App'x 55, 12, Exh. 2.)  On February 24, 2006, the New Jersey Department of Transportation ("NJDOT") issued Coastal a license to engage in outdoor advertising, after which Coastal submitted an application (Application No. 69257) to the NJDOT to erect a billboard on the subject parcel in March 2006.  (EH App'x 7, 56.)  On April 21, 2006, the NJDOT issued a notice of approval for Coastal's application on the subject parcel, and on May 10, 2006, NJDOT issued a conditional permit.  (EH App'x 7.)  In May 2007, Coastal engaged an engineering firm, ENTEC, to develop drawings for purposes of securing a variance.  (EH App'x 14, p. 80.)  East Hanover emphasizes that ENTEC and its principals were aware of the township's billboard regulations (the same ones at issue here), and incorporated those limitations into the initial draft of the site plan.  (EH App'x 14.)

On July 31, 2007, Baiamonte, on behalf of Coastal, submitted to the township an application signed by Varys for a zoning permit to erect a 100-foot high billboard on the subject parcel.  (EH App'x 1, ¶¶ 31, 32.)  This was followed by a letter from Baiamonte on August 7, 2007, this time accompanied by the requisite $50 fee, after which Coastal's application was stamped received on August 9.  (EH App'x 1, ¶ 34.)  Shortly thereafter, on August 10, 2007, John Orlich, the township's director of land use, reviewed the application for the billboard and disapproved the application, signed the denial of application, and sent the denial to Coastal.  (EH App'x 1, ¶¶ 35-36.)  The August 10, 2007 denial letter sent to Coastal cited no authority, but

simply stated: "Dear COASTAL OUTDOOR ADVERTISING, The following comments were made during the denial process: 'BILLBOARD' SIGNS ARE PROHIBITED. Sincerely, [/s/] John Orlich, DIRECTOR OF LAND USE." Coastal ostensibly received the denial on August 13, 2007. (EH App'x 1, ¶ 37.)

Coastal opted not to file an appeal with the township within 20 days, as provided for under Article IV of Chapter 95, but instead commenced this action on September 10, 2007. Coastal filed a motion for a temporary restraining order and preliminary injunction on September 12, 2007, seeking to have East Hanover enjoined from enforcing its sign ordinance on the basis that the township violated the First Amendment and analogue protections under the New Jersey Constitution.

On October 29, 2007, Coastal and East Hanover entered into a consent order granting Coastal's requested injunction such that "the Township w[ould] not take any action to alter the Sign Ordinance until further Order of this Court," and "Coastal [would] refrain from submitting any additional sign applications to the Township during this same period of time." (D.E. 14.) On November 30, 2007, the township entered into a second consent order extending the injunction against enforcement of the sign ordinance through December 31, 2007 and preventing Coastal from submitting any further sign applications. (D.E. 16.) A third consent order was entered on January 3, 2008, extending the injunction against through and including the township's consideration of new sign regulations, set to begin within 90 days. (D.E. 18.)

Pursuant to the third consent order, East Hanover considered the overhaul of its sign regulations. *See* Coastal's Exh. D (Minutes of Apr. 1, 2008 Council Meeting). On May 6, 2008, the township conducted a public hearing on Ordinance 5-2008, which provided for adoption of a new set of sign regulations. Thereafter, Ordinance 5-2008 was formally adopted and published.

Thus, approximately nine months after commencement of this action, the sign ordinance at issue was superseded by a new ordinance instituted by East Hanover.  Counsel have advised the Court that the language of the new ordinance is not at issue here; rather the focus of the lawsuit is the alleged unconstitutionality of the former ordinance and the consequences to Coastal of being denied its application under the former ordinance.

In addition to partial summary judgment, Coastal seeks a trial as to damages and any other relief.

## III.    DISCUSSION

### A.    Challenges to Coastal's Standing to Sue

East Hanover seeks dismissal of Coastal's law suit on the basis of defective standing.   In the federal courts, standing centers on whether Article III, Section 2 of the U.S. Constitution is satisfied by the existence of an actual "case or controversy."  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The "core" constitutional requirements for standing are:  (1) an injury-in-fact; (2) a causal connection between the injury and the conduct; and (3) a likelihood the injury will be redressed by a favorable decision.  *Id.*  Standing is a threshold matter, and cannot be waived.  *Public Interest Research Group v. Powell Duffryn Terminals*, 913 F.2d 64, 85 (3d Cir. 1990).  In addition to the constitutionally-required standing factors, prudential factors also apply, which constitute "judicially self-imposed limits on the exercise of federal jurisdiction."  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004) (internal cites omitted).

East Hanover contends that Coastal lacks standing under the redressability prong of constitutional standing.  The township recites a recent history of decisional law on standing in

"billboard suits," and points out that Coastal's out-of-state counsel has represented plaintiffs "in many, if not most," of the recent major billboard disputes.  (EH Br. Mot. Summ. J. 27.)

East Hanover also argues that one of the prudential limitations on standing—concerning the "general prohibition on a litigant's raising another person's legal rights, *Allen v. Wright*, 468 U.S. 737, 751 (1984)—applies here.  The township asserts that Coastal does not qualify for the exception to this prudential limitation known as the "overbreadth doctrine," which permits a litigant to raise the rights of third parties where there is a substantial danger that a statute constitutionally applied to the litigant may be unconstitutionally applied to others who are not before the Court.  (EH Br. Mot. Summ. J. 24 (citing *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).)

In support of its redressability argument, East Hanover contends that because Article VII of its newly-enacted LUZ Code prohibits the height and location of Coastal's "proposed structure" (*i.e.,* billboard), then Coastal's challenge to former Articles XI (signs) and XII (temporary signs) are not redressible.  As the township points out, the height of Coastal's structure was to be 100 feet.  The new LUZ Code (§§ 95-45, 46) in the Light Industrial I-3 Zone imposes a limit of 35 feet.  East Hanover also argues that because the parcel opposite the subject parcel on Ridgedale Avenue has been zoned residential (R-20) since 1997, and because the corresponding minimum setback for the subject parcel would accordingly be 200 feet, then Coastal's proposed billboard could not be erected because it would not be adequately set back 200 feet from the street.  The township also argues that Coastal was planning to erect the billboard closer than 60 feet to the property line along I-280, which is not permissible under the LUZ Code (§§ 95-45, 46.)  Thus, on the basis that the proposed height and front and rear setbacks of Coastal's billboard are impermissible under its new LUZ Code, the township

maintains that Coastal's challenges to former Article XI (signs) and former Article XII (temporary signs) are not redressible, and that Coastal's standing is therefore deficient.

Second, East Hanover argues that Coastal's challenge to former Articles XI and XII are not redressible because under the township's new LUZ Code, Coastal's proposed use of the subject parcel constitutes a "second principal structure."   According to the township, the principal structure has been standing since 1976, and another "principal structure" could not be built without a use variance because outdoor advertising is not a permitted use in the Light Industry I-3 Zone.   In addition, East Hanover states that the subject parcel is presently non-conforming because its size is smaller than the minimum lot size, and that the addition of a nonconforming structure and nonconforming use is prohibited by the LUZ Code (§ 95-46).

Third, East Hanover argues that former Article XI (95-113.B), as it related to Light Industry I-1 and I-3 Zones, prohibited the height, width, and size of Coastal's proposed freestanding sign structure.   The township argues that because of those restrictions, Coastal's challenge to former Article XI or other sections of former Article XI or XII are not redressible. Specifically, East Hanover states that former Article XI, at § 95-113.B, limited the height of a freestanding sign to five feet, the width to 10 feet, and the overall size to 40 square feet, and that those restrictions, "[c]ollectively or individually . . . bar . . . the redressibility" of Coastal's claims.  (EH Br. Mot. Summ. J. 31.)

For its part, Coastal argues that standing its proper because Coastal was injured when East Hanover denied its sign application, and the denial was attributable to the township's enforcement of its former sign ordinance.  Coastal posits "the invalidity of the former ordinance and the application denial can be redressed through equitable relief, damages, and attorneys' fees.  Thus, the three elements of standing are met."  (Coastal's Br. Opp'n 3 (citing *Advantage*

*Media, LLC v. City of Hopkins*, 379 F. Supp. 2d 1030, 1037 (D. Minn. 2005) (finding that denial of application can serve as injury for purposes of standing analysis).)

Coastal also argues that standing exists where outdoor advertising businesses challenge zoning ordinances that restrict commercial and noncommercial signs. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 504 (1981).

"In order for an injury to be redressible, 'it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Covenant Media of Ga., LLC v. City of Lawrenceville*, 580 F. Supp. 2d 1313, 1316 (N.D. Ga. 2008) (quoting *KH Outdoor, LLC v. Clay County*, 482 F.3d 1299, 1303 (11th Cir. 2007)); *accord Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 801 (8th Cir. 2006) (stating that redressability must be "established by a more than 'merely speculative' showing that the court can grant relief to redress the plaintiff's injury."). Even assuming former § 95-106 (prohibiting billboards) were deemed invalid, East Hanover shows that its current and superseded LUZ Code would *otherwise* prevent erection of a billboard on the subject parcel by Coastal due to height, use and setback provisions, and, thus that a decision on the merits would not redress Coastal's alleged injury. *Cf. Vono v. Lewis*, 594 F. Supp. 2d 189, 199 (D.R.I. 2009) ("Lastly, his injury is redressable because a favorable decision on the merits would allow him to display off-premise messages.").

Courts have found redressability lacking in instances where ordinances other than those challenged would independently impede erection of a billboard. *See*, *e.g.*, *Harp Adver. Ill., Inc. v. Vill. of Chicago Ridge, Ill.*, 9 F.3d 1290, 1292 (7th Cir. 1993) (plaintiff advertiser's inability to erect billboard would not be redressed by favorable decision because an unchallenged portion of sign code would block construction). In a case relied upon by East Hanover, *Eden Prairie*, the Eighth Circuit observed, "a favorable decision for [plaintiff billboard company] even with

9

respect to those sign code provisions which were factors in the denial of its permit applications would not allow it to build its proposed signs, for these would still violate other unchallenged provisions of the sign code like the restrictions on size, height, location, and setback." *Eden Prairie*, 456 F.3d at 801.  "[The billboard company] could never be such a party, for even in victory it would be 'no closer' to erecting its billboards or obtaining damages than when litigation began. Because Advantage cannot show redressability with respect to even those provisions which did factor into the denial of its sign permit applications, it cannot challenge any part of the sign code as overbroad." *Id*. at 802 (internal citations omitted)).

In the case of *Covenant Media of Ga., LLC v. City of Lawrenceville, Ga.*, 580 F. Supp.2d 1313, 1314 (N.D. Ga. 2008), the district court addressed standing in a case where an outdoor advertising company, Covenant, challenged a "comprehensive scheme for regulating the permitting, placement, and operation of signs" within a municipality, Lawrenceville.   The Northern District of Georgia described the ordinance, in that it "completely prohibits certain types of signs, such as animated and flashing signs" and "permits other types of signs within specified zoning districts, but subjects those signs to height, size, and setback requirements." *Id.* (citations omitted).   In February 2007, Lawrenceville rejected nine billboard applications on various bases, including that the proposed billboards "were not located in the appropriate zoning district, . . . were at least twice the maximum allowable height and size," and "did not comply with the fall zone or airport safety certification requirements." *Id.*  Plaintiff Covenant argued that the ordinance allowed unfettered discretion to decide sign permits and unlimited time to rule on applications, and that the fee structure was unconstitutionally prohibitive. *Id.* at 1315.   The defendant municipality contested Covenant's standing to sue which would deprive the district court of jurisdiction. *Id.*

The court stated that "[t]o establish redressibility, plaintiff must . . . show that a favorable decision on its federal constitutional claims will allow plaintiff to build its proposed signs." *Covenant*, 580 F. Supp.2d at 1316. The *Covenant* court recognized that the billboard company's several applications violated "numerous provisions of the sign ordinance that are not in any way related to the allegedly unconstitutional discretionary and fee provisions," *id.*, and found redressibility lacking because plaintiff "d[id] not mount a federal constitutional challenge to the height, size, location, and certification provisions of the City's sign ordinance, which its proposed billboards admittedly violate," and only contested the fees, unfettered discretion, and lack of time limits. *Id.* at 1317. The *Covenant* court labeled this an "insurmountable redressability problem under the Eleventh Circuit's standing jurisprudence," particularly citing *KH Outdoor, LLC v. Clay County*, 482 F.3d 1299 (11th Cir. 2007) (dismissing an outdoor advertiser's constitutional challenge to a county billboard prohibition on redressability grounds, because the advertiser's proposed billboards did not comply with other statutes and regulations that the advertiser had not challenged).

The district court rejected plaintiff's argument that its complaint should be interpreted as challenging the provisions it did not specifically contest. *Covenant*, 580 F. Supp.2d at 1317 n.4. The court ruled that those non-contested provisions would otherwise block the erection of the billboards because the pleadings did not raise the right to relief above a "speculative" level. *Id.* Here, Coastal did not challenge the various zoning ordinances discussed *supra* that would otherwise prevent erection of its billboard. But Coastal has no right to challenge other provisions due to a lack of causation between those setback, height, and use restrictions because there is no

cause-and-effect relationship between those provisions and East Hanover's rejection of the Coastal application.[1]

The *Covenant* court recognized that *KH Outdoor* was "the culmination of a 'formidable and burgeoning line of cases' in which courts in this circuit and others have dismissed, on redressability grounds, claims that are nearly identical to the claims in this lawsuit."  *Id.* at 1317 (quoting *Bill Salter Adver., Inc. v. City of Brewton*, 486 F. Supp. 2d 1314, 1336 (S.D. Ala. 2007) ("[E]ven if the plaintiff succeeded in showing the objected-to provisions of the Ordinance to be unconstitutional, some other provision would preclude it from being able to erect billboards."); *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1343 (11th Cir. 2004) (declining to review challenged provisions of a sign ordinance that were unrelated to the provisions actually responsible for the denial of plaintiff's permit application, as such review would have "utterly no impact on the outcome of th[e] case")).  Thus, the court reasoned that if it accepted all of the constitutional arguments, "plaintiff's proposed billboards would still be prohibited by numerous other unchallenged provisions of the sign ordinance," and concluded that because "plaintiff cannot show that its federal constitutional claims are redressible, . . . the Court lacks jurisdiction to hear plaintiff's federal claims."  *Id.* at 1318.  Many other courts, some as part of the "burgeoning" line of cases to which the *Covenant* court alluded, have ruled similarly.  *See, e.g.*, *Maverick Media Group, Inc. v. Hillsborough County, Fla.*, 528 F.3d 817 (11th Cir. 2008) (indicating that a sign permit applicant lacks a redressable injury to challenge the constitutionality of a sign ordinance where the permit could have been denied on the basis of

---

[1] With respect to the causation prong of standing, the Court notes that Coastal also faces difficulties in proving causation between former LUZ Code § 95-106 and the allegedly "arbitrary and capricious" rejection of Coastal's application.  Indeed, the township's rejection is anything but arbitrary and capricious, as it ostensibly based the rejection squarely on the former § 95-106, which clearly blocked billboards.  There is no indication from the denial letter of August 13, 2007 that any other provision factored into the decision, and the Court finds that no causation exists with respect to any other provision than former § 95-106.  Accordingly, standing is lacking with respect to all other provisions of former § 95-106 and the current LUZ Code because there is no causation between those provisions and the August 13, 2007 denial.

some alternative but unchallenged regulation); *Covenant Media of South Carolina, LLC v. City of North Charleston,* 493 F.3d 421 (4th Cir. 2007) (city regulation was revised during the litigation to include a time limit for reviewing permits; however the court still found standing because Covenant had suffered an injury by the City's application of the original unconstitutional ordinance that is redressable at least by nominal damages); *Boulder Sign Co. v. City of Boulder City, Nevada,* 281 Fed. App'x 701 (9th Cir. 2008) (City passed an ordinance banning all billboards while sign company was challenging size restrictions of the original ordinance; court found no standing because sign company's alleged injury cannot be redressed by a favorable decision.); *Coral Springs St. Sys. v. City of Sunrise,* 371 F.3d 1320 (11th Cir. 2004) (holding that the challenge to the sign code is moot because the original code was repealed and superseded, and there was no reasonable likelihood the City would reenact the old code); *Granite State Outdoor Adver., Inc. v. Clearwater,* 351 F.3d 1112, 1117 (11th Cir. 2003) (standing found only for the section of the ordinance where plaintiff actually suffered harm; standing not found for other challenged sections or the entirety of the ordinance where no injury was suffered); *Get Outdoors II, L.L.C. v. San Diego,* 506 F.3d 886, 893-94 (9th Cir. 2007) (standing found for plaintiff because plaintiff explicitly challenged height restrictions, making all claims redressible; however, the constitutionality of valid content-neutral height restriction would still make enjoining the off-site ban provision unable to redress the injury); *Midwest Media Property, L.L.C. v. Symmes Twp.,* 503 F.3d 456, 461 (6th Cir. 2007) (found no standing because the injury was not redressible because the application did not meet the regulations for size and height, which were unchallenged); *Lockridge v. Oldsmar,* 273 Fed. App'x 786, 788 (11th Cir. 2008) (no standing found because statute's height and size requirements made constitutional challenge of another provision not redressible).

The analysis undertaken—and result reached—by the *Covenant* court has applicability to the set of facts before the Court.  Record evidence demonstrates that the proposed billboard would not comply with any of the setback, height, and use restrictions on the subject parcel, and that the subject parcel itself is non-conformingly small and cannot accommodate a second primary structure.

Although the Third Circuit has not ruled in a situation where separate, unchallenged ordinances would otherwise block construction and only one ordinance provision is at issue, our Circuit did speak to redressability in *Toll Brothers, Inc. v. Township of Readington*, 555 F.3d 131 (3d Cir. 2009).  There the court considered an appeal from a grant of a motion to dismiss on standing grounds where the plaintiff home builder challenged an ordinance that was changed to disfavor Toll Brothers' contemplated development during the time that Toll Brothers had owned an option to develop the land.  *Id.* at 135-36.  In particular, the township, Readington, had rezoned the land to make it economically infeasible to build even though Toll Brothers had relied upon the earlier zoning, which would have permitted the development.  *Id.*  With regard to redressability, the Third Circuit found that "[r]edressability is not a demand for mathematical certainty.  It is sufficient for the plaintiff to establish a 'substantial likelihood that the requested relief will remedy the alleged injury in fact.'"  *Id.* at 143 (citations omitted).

Analyzing other precedents, the *Toll Brothers* court concluded that there need not be a "guarantee" that a favorable decision striking the ordinance would result in the development being built in order for the alleged wrong to be redressable; just that it would be "likely" for Toll Brothers to exercise its option to build the development.  *Id.*  Thus, it was not enough that Toll Brothers "*might* walk away from its development plans after receiving a favorable decision" to prove lacking redressability; it must have been "*likely*" to forego the development even in the

face of the ordinance being stricken.  *Id.* (emphases in original).  Applying the precedent of *Toll Brothers* here, the Court finds that there is no "substantial likelihood" that Coastal would be able to construct its billboard if this Court rendered a favorable decision to Coastal by striking § 95-106.   Under the former LUZ Code, the height, use, and one-principal-structure-per-parcel regulations each would have independently blocked the billboard, making it substantially *unlikely* the billboard could have even been constructed.   Moreover, East Hanover's new LUZ Code clearly prohibits billboards, compounding the un-redressability.   Although this Court does not have the benefit of developed law (as did Judge Carnes in the *Covenant* case) concerning standing in billboard cases, the *Toll Brothers* pronouncements on redressability are adequate guidance on the measure of redressability required in this Circuit.

Even Coastal apparently recognizes its deficient standing, as shown in its opposition papers, where it argues for nominal damages "at the very least."   (Coastal Opp'n Br. 9.) Coastal's prayer for damages, however, is undercut by the record evidence showing that ENTEC and its principal were well aware of the regulations applicable to billboards in East Hanover, as reflected in work product preceding the filing of ENTEC's billboard permit application.   Coastal has no claim for damages for the same reason it has no standing:  Coastal's causes of action were not redressible on the day its complaint was filed, and it had knowledge of the fact that the former LUZ Code prohibited its contemplated billboard.

Because Coastal's grievance regarding the rejection based on § 95-106 is not redressable, and because the denial lacks causation with the other sections of the former and current LUZ Code (*i.e.* sections other than § 95-106), standing is deficient and the Court is without jurisdiction over this action.

### B.      Constitutionality of East Hanover's Superseded Zoning Ordinance

Although this action is properly—and entirely—disposed of on standing grounds, the

Court nevertheless addresses constitutionality of the ordinance in the alternative.  East Hanover's

August 13, 2007 denial letter, which read "'Billboard' signs are prohibited" was founded on

former LUZ Code § 95-106 (Prohibited Signs), which stated:

> **§ 95-106. Prohibited signs.**
> The following signs are prohibited:
> A. Billboards and outdoor display structures and signs mounted on cars, trailers or platforms; A-type signs; sidewalk signs; sandwich signs; curb signs; portable and mobile-type signs erected on trailers; or similar advertising devices.
> B. Projecting signs and all roof signs.
> C. Signs visible from the street using the word "stop" or "danger" or any other word, phrase, symbol or character with the intent of simulating a public safety warning or traffic sign.
> D. Signs, other than officially authorized signs, tacked, pasted, painted or otherwise attached to poles, posts, trees, fences, sidewalks or curbs.
> E. No sign other than official traffic control devices or street signs shall be erected within or encroach upon the right-of-way of any street unless specifically authorized by other ordinances or regulations of the Township.
> F. Rotating or moving signs.
> G. Signs within 100 feet of an historic building, site or monument, other than historic markers.
> H. Signs painted on or affixed to water towers, storage tanks, smokestacks or similar structures.  Municipal and government owned signs are specifically exempt from this provision.
> I. Permanent window signs, except signs as permitted under § 95-108.
> J. Signs painted on the surface of a building.
> K. Signs painted on or affixed to any and all vehicles when said vehicles are parked in a manner to provide or produce advertising.

Former § 95-106 (prohibited signs).  Coastal contends that denial of East Hanover's sign

ordinance was contrary to the plain terms of the sign ordinance, and that such denial was

arbitrary and capricious.  (Coastal Br. Mot. Summ. J. 12.)  Basing the denial of a billboard

application squarely on former § 95-106 is not arbitrary and capricious because there is no room

for interpretation of former § 95-106.

Critically, blanket prohibitions on billboards are not unconstitutional.  Indeed, "[t]he Supreme Court has stated that a blanket prohibition . . . may, in fact, be the only effective way to solve the aesthetic and traffic problems that billboards create." *Action Outdoor Adver. II, LLC v. Lumpkin County*, 543 F. Supp. 2d 1334, 1345 (N.D. Ga. 2008) (citing *Metromedia, Inc. v. San Diego*, 453 U.S. 490, 508 (1981)).  According to *Metromedia*, 453 U.S. at 508, "If [a] city has a sufficient basis for believing that billboards are traffic hazards and are unattractive, then obviously the most direct and perhaps the only effective approach to solving the problems they create is to prohibit them."

East Hanover's now-superseded LUZ Code defined a billboard as:

BILLBOARD – A flat surface such as a panel, wall or fence annexed to the land, with or without supports, on which advertising matter is posted for a business or product not directly related to the site upon which the sign is situated.

Former § 95-100 (definitions).  The ordinance, inexplicably, also contained another provision defining billboards:

OUTDOOR DISPLAY STRUCTURES and BILLBOARDS – A sign which directs attention to a business, industry, profession, commodity, service or entertainment not necessarily sold or offered upon the premises where the sign is located.

Former § 95-100 (definitions).  But the confluence of these definitions does not create confusion about what constituted a billboard under the superseded code.  To qualify under either definition as a billboard, there must be a surface that advertises goods or services not directly related to the site where the sign sits.  As these definitions are almost fully coextensive, they do not conflict.

Coastal argues ambiguity in the former LUZ Code because although former § 95-106 states that billboards are prohibited, former § 95-103, regarding non-applicability, states:

**§ 95-103. Nonapplicability.**
The provisions of this chapter shall not apply to:
A. Billboards.

B. Any signs forbidding trespassing, hunting, fishing or trapping as authorized by the fishing game laws, provided they do not exceed one square foot.
C. Temporary signs as set forth in Article XII of this chapter.
D. Temporary charitable signs.
E. Decorative, non-illuminated signs showing the name and/or address of a house or family.

Former § 95-103 (nonapplicability). Thus, former § 95-103 listed four other types of signs to which the chapter was inapplicable in addition to billboards.

Assuming that § 95-103 and § 95-106 were inconsistent, this would not mean that the provisions were unconstitutional or subject to invalidation. It is well-settled that "[w]hen interpreting different statutory provisions, we are obligated to make every effort to harmonize them, even if they are in apparent conflict." *St. Peter's Univ. Hosp. v. Lacy*, 185 N.J. 1, 14 (2005) (quoting *In re Gray-Sadler*, 164 N.J. 468, 485 (1999)). "[C]ourts have the duty of reconciling [conflicting provisions] so as to give effect to both expressions of the lawmakers' will." *State v. Federanko*, 26 N.J. 119, 130 (1958).

The record indicates that in practice, East Hanover harmonized the apparent inconsistency. The township official that denied Coastal's permit application, John Orlich, testified in his deposition as follows:

> Q. Turn with me to 95-103. This is titled non-applicability. How do you understand the word non-applicability to mean here?
> A. Basically what it says in the first sentence, shall not apply to.
> Q. Subsection A says billboards, do you see that?
> A. Yes, I do.
> Q. The way you just walked me through that it says, "This chapter shall not apply to billboards." What am I missing there? Why isn't that the way you've operated in response to Coastal's application?
> A. The way I interpret that is that because billboards are prohibited, billboards are not part – there are no standards to billboards.
> Q. So the standards in this code don't apply to billboards because they are, you think, prohibited somewhere else in this code?
> A. That is correct.
> Q. So when we see limitations on a directional sign or another type of sign, that does not apply to a billboard?

A. Yes.

(Orlich Trans. 32:9-33:8).  There is no reason why the inapplicability of the chapter's regulations as to billboards, as expressed by former § 95-103, would undercut the prohibition on billboards as expressed in former § 95-106.  The two provisions can easily be read in harmony with each other because it enhances the clarity of the overall LUZ Code to know that many other provisions of former Article XI (signs) will not be applicable to billboards, which are entirely prohibited by § 95-106.  Under such a reading, no statutory language would necessarily be understood as superfluous, as "Courts 'construe statutory language to avoid interpretations that would render any phrase superfluous.'"  *United States v. Jones*, 471 F.3d 478, 482 (3d Cir. 2006) (citations omitted); *see also Ki Se Lee v. Ashcroft*, 368 F.3d 218, 223 (3d Cir. 2004) ("We start with the principle that if at all possible, we should adopt a construction which recognizes each element of the statute.").  And, even if § 95-103 was deemed superfluous, that would not render the LUZ Code or its parts invalid or unconstitutional.

> In its moving papers on its motion for partial summary judgment, Coastal states that
>
> [b]y agreeing to several consent orders enjoining the enforcement of the Sign Ordinance – the ordinance that Township officials John Orlich admittedly relied upon to deny Coastal's application – the Township necessarily admitted that Coastal had demonstrated that the ordinance at issue was unconstitutional . . . [b]y abandoning the Sign Ordinance utilized to deny Coastal's application, the Township voluntarily removed any further debate about the validity of the old code from Court consideration.

(Coastal's Br. Mot. Summ. J. 10-11.)  Consent orders may not be introduced or offered as proof of liability on the merits, pursuant to Fed. R. Evid. 408, which is precisely what Coastal is urging the Court to find.  As the Ninth Circuit explained in *United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982), the Advisory Committee Notes provide two reasons in support of barring settlement-related documents from proving liability on the merits:  "The first

is that the evidence is irrelevant as being motivated by a desire for peace rather than from a concession of the merits of the claim.  Second, is in promotion of the public policy favoring the compromise and settlement of disputes."  The *Contra Costa* court added that "[b]y preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement."  *Id.   See Iron Workers Dist. Council of W. N.Y. & Vicinity Annuity & Pension Funds v. D.C. Scott, Inc.*, 474 F. Supp. 2d 467, 473 (W.D.N.Y. 2007) ("[U]nder Fed. R. Evid. 408, information exchanged during the course of settlement negotiations is not admissible on summary judgment.").

Coastal argues that the former LUZ Code's sign ordinance was applied with too much discretion; specifically that some provisions were not enforced under unofficial policy.  Coastal asserts that the township "arbitrarily ignor[ed] the plain language of its former Sign Ordinance" based on the deposition of John Orlich.  (Coastal Br. Mot. Summ. J. 16-17.)  While it is true that Orlich testified that the township did not enforce a requirement that political signs not be displayed earlier than 30 days before an election (Orlich Dep. 41:5-23), and that some leeway was afforded with real estate "for sale" signs on residential properties (Orlich Dep. 30:24-31:3), nothing suggests these discretionary enforcement policies impacted the LUZ Code as to billboards.  Indeed, the record shows that no billboards are standing in East Hanover.  (EH App'x 1, ¶¶ 7-8.)

Accordingly, because Coastal raises no meritorious arguments concerning the constitutionality of the township's denial of its August 2007 application, even if standing existed, the Court independently finds entry of summary judgment appropriate in favor of East Hanover on the merits.

C.     **State Claims**

Under 28 U.S.C. § 1367(c)(3), "a district court may decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all of the claims over which it had original jurisdiction." *Johnson v. Knorr*, 477 F.3d 75, 86 n.15 (3d Cir. 2007).  Declining to exercise jurisdiction following dismissal of claims here on original jurisdiction is discretionary. The Court declines to address the state law claims, and they are dismissed without prejudice.

IV.     **CONCLUSION**

For the foregoing reasons, East Hanover's motion for summary judgment is granted and Coastal's motion for partial summary judgment is denied.  The action is dismissed with prejudice for lack of subject matter jurisdiction as to the federal claims and dismissed without prejudice as to state law claims.  An appropriate order will be entered.

/s/Katharine S. Hayden_____
KATHARINE S. HAYDEN, U.S.D.J.